**\*E-FILED 12/5/06\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH E. DAUB,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>EAGLE TEST SYSTEMS, INC., ET AL.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　／ | NO. C 05-01055 JW (RS)<br><br>**ORDER RE MOTION TO COMPEL** |

## I.  INTRODUCTION

Plaintiff Kenneth Daub moves to compel defendant Eagle Test Systems ("ETS") to provide further responses to one interrogatory and two documents requests. The matter was heard on November 29, 2006. The parties were directed to meet and confer further as to Document Request No. 5 and to report to the Court on the outcome of those discussions within two weeks. By this order, the motion will be denied as to Interrogatory No. 19 and Document Request No. 4.

## II.  BACKGROUND

Daub was terminated from his sales position with ETS. The claims for relief that remain in this action after motion practice before the presiding judge consist of one claim for breach of contract, averring that ETS failed to pay Daub commissions, bonuses, and certain other items of compensation, and one claim for wrongful termination, averring that Daub was the victim of age discrimination. Daub contends that his compensation at ETS was at all times governed by an offer

1  letter dated December 27, 2000.  ETS contends that those terms were superceded by a letter dated
2  September 20, 2002.  Daub argues that the 2002 letter may have served to give him a right to
3  *additional* items of compensation, but that it could not supplant the 2000 offer letter, because he
4  never executed a writing to modify the original agreement.

III.  DISCUSSION

A. Interrogatory No. 19

This interrogatory requests that ETS disclose the total commissions paid to *all* of its "direct account representatives" and "manufacturer's representatives" in 2004.   Because the 2002 letter specified that Daub was to receive compensation based on the commissions earned by certain specified individuals and one entity, ETS has disclosed the commissions paid to those individuals and that entity.  Daub appears to argue that he may be entitled to compensation based on commissions earned by *other* individuals or entities, but has not explained the basis on which he would make such a claim.  The 2000 offer letter on which Daub relies did not call for Daub's compensation to be based on the *commissions* of any other individual or entity.   In arguing that a further response to this interrogatory is necessary, Daub claims that he "needs the bookings and revenue by customer and date in order to ascertain how much [he] is owed" under a provision of the 2000 offer letter that gave him a percentage of the *revenue* ETS derived from new accounts.  Even assuming Daub needs and is entitled to such information, this interrogatory asks for commissions data, not "bookings and revenue by customer and date" or revenue figures.

Finally, even assuming that Daub may have some basis for claiming compensation based on the commissions earned by other individuals or entities, Daub has not shown how learning the *amount* of commissions paid to "all" other persons will assist in identifying any such individuals or entities, or in determining whether he has a right to claim compensation based on their commissions. Daub argues that he is "unsure" whether there were other direct account representatives or manufacturer representatives in 2004, but the appropriate way to remedy that is to ask ETS to identify the representatives, rather than to disclose their commissions.  If Daub subsequently can show that he has a basis for claiming compensation based on the commissions of additional persons

2

or entities, then disclosure of the amount of those commissions could become appropriate. On this record, however, ETS has adequately shown that there is no relevance to any commissions earned by other representatives that would warrant impinging on the privacy interests of such persons by requiring disclosure now.

### B. Document Request No. 4

ETS has provided confirmation in writing that it has produced all documents responsive to this request that it could locate and that it is withholding no documents under a claim of privilege or on any other basis. No further response or production will therefore be required.

### C. Sanctions

The parties' cross-requests for sanctions are denied. Neither request complies with Civil Local Rule 7-8, which requires all sanctions requests be made by separately noticed motion.

## IV. CONCLUSION

The motion is denied with respect to Interrogatory No. 19 and Document Request No. 4. The Court will issue a further order, if it is necessary to do so, upon completion of the parties' ongoing efforts to meet and confer regarding Document Request No. 5. The requests for sanctions are denied.

IT IS SO ORDERED.

Dated: December 5, 2006

RICHARD SEEBORG
United States Magistrate Judge

ORDER RE MOTION TO COMPEL
C 05-01055 JW (RS)

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Robert Herbert Bohn Snr.    bbohn@bohnlaw.com, jodie@bohnlaw.com; tvogt@bohnlaw.com; cindym@bohnlaw.com

Ryan James Larsen    ryan.larsen@kattenlaw.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 12/5/06**                                                       **Chambers of Judge Richard Seeborg**

                                                                                        **By:**    /s/ BAK

ORDER RE MOTION TO COMPEL
C 05-01055 JW (RS)