**E-FILED on** ___3/6/07___

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH E. DAUB,<br><br>        Plaintiff,<br><br>    v.<br><br>EAGLE TEST SYSTEMS, INC., a corporation, and LEONARD FOXMAN,<br><br>        Defendants. | No. C-05-01055 RMW<br><br>ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES<br><br>**[Re Docket No. 89]** |

Before this court is defendant Eagle Test Systems, Inc.'s ("Eagle") motion for (1) all attorney's fees incurred in the above-captioned action pursuant to either a contractual provision between the parties or Cal. Gov't Code § 12965(b) or, in the alternative, (2) attorney's fees incurred after the conclusion of plaintiff's depositions of Eagle employees in January 2006. Eagle asserts that it incurred a total of $361,744.00 in attorney's fees for this action of which $251,428.50 was incurred after January 2006.[1] Plaintiff Kenneth Daub ("Daub") initially filed a claim for breach of contract of employment, fraud, promissory fraud, unjust enrichment, and wrongful termination of employment based on age discrimination. The court granted defendant's motion to dismiss all of plaintiff's claims except for his claims for breach of contract and age discrimination. On December 21, 2006 the court

---

[1] Defendant also proposes that it should be awarded a minimum of $187,692, but it is unclear from defendant's briefings and attachments what this amount represents.

ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES—C-05-01055 RMW
SPT

**United States District Court**
For the Northern District of California

1  granted defendant's motion for summary judgment as to plaintiff's remaining breach of contract and
2  age discrimination claims.

3      Defendant argues that it has a right to attorney's fees based upon provision 10.1 of the
4  unexecuted "Incentive Bonus/Stock Option/Restriction/Non-Compete Agreement" among Daub,
5  Eagle, and Leonard Foxman.  Provision 10.1 provides that Daub indemnify and hold harmless Eagle
6  from "all liability, damages, losses, claims, costs or expenses, whatsoever (including reasonable
7  attorneys' fees)" for certain misrepresentations, omissions, breaches of warranty, or non-
8  performance by Daub under the contract.  Under Illinois law, which the parties agree governs the
9  contract, there must be specific statutory or contractual language providing for the award of
10 attorney's fees.  *See Qazi v. Ismail*, 364 N.E.2d 595, 596-97 (1977).  A court may not award
11 attorney's fees as a matter of contractual construction in the absence of specific language.  *Id.*  In this
12 action Daub alleged that Eagle failed to perform under the contract.  The court does not find that
13 provision 10.1 provides for an award of attorney's fees to Eagle on the basis that it was the
14 prevailing party in this action.  Defendant further urges the court to award attorney's fees under the
15 provision on the basis that plaintiff sued and sought attorney's fees under that same provision.
16 However, defendant does not cite to any Illinois law that permits an award on such a basis.

17     Defendant also argues that it should be awarded attorney's fees pursuant to § 12965(b) of the
18 Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940 *et seq.*  Section 12965(b)
19 provides: "In actions brought under this section, the court, in its discretion, may award to the
20 prevailing party reasonable attorney's fees and costs, including expert witness fees, except where the
21 action is filed by a public agency or a public official, acting in an official capacity." Cal. Gov't Code
22 § 12965(b).  A court may permit an award of attorney's fees to a prevailing defendant pursuant to
23 § 12965(b) "not routinely, not simply because he succeeds, but only where the action brought is
24 found to be unreasonable, frivolous, meritless or vexatious. . . . [T]he term 'meritless' is to be
25 understood as meaning groundless or without foundation, rather than simply that the plaintiff has
26 ultimately lost his case." *Cummings v. Benco Bldg. Servs.*, 11 Cal. App. 4th 1383, 1387 (1992)
27 (citing *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)) (additional citation
28 omitted).  Here, although plaintiff's age discrimination claim was ultimately determined to be

1  without merit, it was not frivolous. Accordingly, the court does not find an award of attorney's fees
2  to defendant is warranted even though it was the prevailing party in this FEHA action. *See Mitchell*
3  *v. Office of Los Angeles County Superintendent of Schools*, 805 F.2d 844, 847 (9th Cir. 1986) ("A
4  defendant stands in a different equitable position from that of a prevailing plaintiff.").

5      The parties have also filed separate letters with the court noting two clerical errors in the bill
6  of costs approved by the court. First, counsel for plaintiff notes that a 25% discount applied to the
7  costs of a deposition transcript was not inadvertently not deducted in the cost bill. Counsel for
8  defendant agrees that the cost bill inadvertently did not reflect this discount. Accordingly, the bill of
9  costs should be reduced by $451.88. Second, counsel for defendant notes that the court allowed
10 only the costs of two videotapes rather than four videotapes for the depositions of Leonard and Ted
11 Foxman. Because the depositions resulted in a total of four videotapes, defendant claims it is
12 entitled to the costs of all four tapes. It appears that in taxing the bill the court assumed that bill was
13 for two deposition tapes and two additional copies. Therefore, an additional $350 should be added
14 to the cost bill. Accordingly, the cost bill should be adjusted for a net reduction of $101.88.

15     Defendant's motion for attorney's fees is denied. The cost bill is hereby reduced by $101.88
16 making the cost bill total $7,044.82.

18 DATED:    3/5/07                      /s/ Ronald M. Whyte
19                                             RONALD M. WHYTE
                                            United States District Judge

<div style="float:left">**United States District Court**
For the Northern District of California</div>

1 **Notice of this document has been electronically sent to:**

2 **Counsel for Plaintiff:**

3 Robert Herbert Bohn Snr.     bbohn@bohnlaw.com

4 **Counsel for Defendants:**

5 Ryan James Larsen     ryan.larsen@kattenlaw.com

6

7

8 Counsel are responsible for distributing copies of this document to co-counsel that have not
9 registered for e-filing under the court's CM/ECF program.

10

11 **Dated:**     3/6/07                 SPT
                                                    **Chambers of Judge Whyte**